IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARILYN WILSON,                        )
                                       )
    Plaintiff,                        )
                                       )
v.                                     ) CIVIL ACTION 14-0236-WS-C
                                       )
MOBILE COUNTY PUBLIC SCHOOL            )
SYSTEM, et al.,                        )
                                       )
    Defendants.                       )

## ORDER

This matter is before the Court on three motions to dismiss filed by the defendants. (Docs. 10, 12, 14). The parties have submitted briefs in support of their respective positions, (Docs. 11, 13, 15, 17-19), and the motions are ripe for resolution.

## BACKGROUND

According to the complaint, (Doc. 1), the plaintiff is an employee of the entity defendant ("the School System").[1] On or about May 23, 2013, her principal notified her that she was being placed on a mandatory transfer. The plaintiff contested the transfer and received a hearing before the School System's Board ("the Board") on July 25, 2013. At the hearing, the plaintiff complained that the transfer was in retaliation for prior complaints of discrimination at her school. At the hearing, the plaintiff expressed additional concerns regarding discriminatory

---

[1] The defendants assert that the defendant the complaint names as the Mobile County Public School System should have been named as the Board of School Commissioners of Mobile County. (Doc. 10). Because the defendants have filed no motion to require such a re-naming, no issue is before the Court, and the complaint continues to control the naming of the defendants. The Court fully expects the parties to resolve the issue amongst themselves and to amend the pleadings if necessary to reflect the correct name of the entity defendant.

practices at her school. On July 25, 2013, the Board approved the plaintiff's transfer. All transfer offers and options that had been extended to the plaintiff before the hearing were withdrawn, and the plaintiff was not considered for any of numerous posted para-professional positions available between July 26 and September 16, 2013. The plaintiff's transfer resulted in a constructive demotion.

The plaintiff's single claim is for retaliation in violation of Title VII. The defendants are the School System, its superintendent, and the members of the Board.

## DISCUSSION

**I. Entity Defendant.**

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...." 42 U.S.C. § 2000e-5(e)(1). "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. ... [I]t is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). "Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit." *Wilson v. Bailey*, 934 F.2d 301, 304 n.1 (11th Cir. 1991). The School System's sole argument is that the plaintiff's charge was not timely filed. (Doc. 10 at 1; Doc. 11 at 4).

The complaint alleges that the plaintiff filed her charge of discrimination on or about December 27, 2013, (Doc. 1 at 3), and the School System acknowledges that the charge was filed "on or after December 27, 2013." (Doc. 11 at 4).[2] The School System argues that the 180-day period began to run on May 23, 2013, when the plaintiff's principal notified her that she was being placed on a

---

[2] The School System has submitted the EEOC's notice of charge, which is dated January 2, 2014 and which thereby establishes that the charge was filed no later than that date. (Doc. 11-1 at 2).

2

mandatory transfer. (Doc. 11 at 4). Because December 27 is more than 180 days after May 23, the School System concludes that the plaintiff's lawsuit is time-barred.

As the School System's own authority states, "[t]he 180-day filing period begins to run from [a] *final decision* to [transfer] the employee." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003) (emphasis added, internal quotes omitted). The School System assumes that a final decision had been made as of May 23, 2013, but the plaintiff responds that, under the School System's rules, a transfer is not a final decision until either the employee accepts the transfer or the Board approves the transfer. (Doc. 17 at 2). The School System does not respond to this argument and does not explain how the four corners of the complaint negate the plaintiff's position so as to entitle the School System to dismissal under Rule 12(b)(6). The Court declines to consider that possibility on its own.

In addition, the complaint alleges additional acts of retaliation following the July 25 hearing, all of which occurred less than 180 days before the charge was filed. As to those portions of the plaintiff's retaliation claim, any untimeliness argument is plainly untenable.

In its reply brief, the School System appears to suggest that the complaint's allegations of retaliation after July 25 fall outside the scope of her charge and cannot be maintained in this action. (Doc. 20 at 1-2). "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale).[3] The School System identifies no reason to depart from this well-established rule, and the Court declines to do so. However, the Court notes that the School System's brief

---

[3] Defense counsel is well aware of this rule. *Kruse v. Corizon*, Civil Action No. 12-0212-WS-B, Doc. 129 at 17; *July v. Board of School Commissioners*, Civil Action No. 11-0539-WS-B, Doc. 88 at 6 n.5.

3

treatment of the issue would be inadequate to support dismissal even had the argument been timely raised.

**II. Superintendent.**

Superintendent Martha Peek is sued in her official capacity. She argues that, since the plaintiff has sued her employer (the School System) directly, her official-capacity suit against the superintendent should be dismissed as redundant. (Doc. 13 at 2).

"The relief granted under Title VII is against the *employer* …." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis in original). Thus, "[w]e think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer *or* by naming the employer directly." *Id.* (emphasis added). At least where the Eleventh Amendment is not implicated, to sue both the governmental entity and an officer in his official capacity under Section 1983 is "redundant," *id.* at 776, and the same is equally true of suits under Title VII. *E.g., Adams v. Cobb County School District*, 242 Fed. Appx. 616, 617 n.1 (11th Cir. 2007). Sister courts in Alabama have repeatedly dismissed Title VII official-capacity defendants as redundant when the employer is sued directly. *E.g., Lewis v. Eufaula City Board of Education*, 922 F. Supp. 2d 1291, 1308 (M.D. Ala. 2012) (Thompson, J.); *Moss v. W&A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) (DeMent, J.); *Quillen v. American Tobacco Co.*, 874 F. Supp. 1285, 1296 (M.D. Ala. 1995) (Albritton, J.); *Matthews v. City of Mobile*, 2013 WL 5883833 at *8 (S.D. Ala. 2013) (DuBose, J.); *Pelham v. City of Daphne*, 2013 WL 2368042 at *1 n.1 (S.D. Ala. 2013) (Granade, J.); *Hicks v. City of Alabaster*, 2013 WL 979070 at *6 (N.D. Ala. 2013) (Proctor, J.); *Burkette v. Montgomery County Board of Education*, 2008 WL 5114313 at *7 (M.D. Ala. 2008) (Watkins, J.).

The plaintiff responds that "[j]urisdiction over Peek is necessary to insure that this Court has jurisdiction over all proper parties required to enforce any

4

judgments in equity and/or law as may be necessary and/or to compel her performance to perform duties required by the Court and/or Federal Law." (Doc. 18 at 2). The plaintiff cites no authority in support of this proposition, and the Court is aware of none. Perhaps the plaintiff is thinking of Section 1983 suits involving a state entity, in which an official-capacity suit against a state official is necessary, and permitted, in order to obtain prospective injunctive relief without violating the Eleventh Amendment. There is no such need in the context of a Title VII suit against a non-state entity.

### III. Board Members.

The style of the complaint states that the Board members are sued in their individual and official capacities, but the body of the complaint states they are sued only in their official capacities. (Doc. 1 at 1-2). The Board members argue that neither is appropriate. (Doc. 15). The plaintiff offers no response.

"[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis omitted). This holding eliminates any Title VII claim against the Board members in their individual capacities.

As set forth in Part II, the official-capacity claims against the Board members are redundant and properly dismissed on that basis.

### CONCLUSION

For the reasons set forth above, the motions to dismiss filed by Superintendent Peek and by the Board members are **granted**, and the motion to dismiss filed by the School System is **denied**. Superintendent Peek and the Board members are **dismissed** as defendants.

DONE and ORDERED this 23rd day of October, 2014.

<pre>
                              s/ WILLIAM H. STEELE
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>